UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRELL ROGERS,

        Plaintiff,

v.                                            Case No. 26-cv-0011-bhl

CHARLES DOMBECK,
TONIA MOON, and
LANA WILSON,

        Defendants.

## SCREENING ORDER

      Plaintiff Darrell Rogers, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Rogers' motion for leave to proceed without prepaying the full filing fee, his motion to pay the remainder of the filing fee with funds in his release account, and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Rogers has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Rogers has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $36.25. Rogers' motion for leave to proceed without prepaying the filing fee will be granted.

### MOTION TO PAY THE REMAINDER OF FILING FEE FROM HIS RELEASE ACCOUNT

      Rogers filed two motions asking the Court to allow him to pay the remainder of the filing fee with funds in his release account rather than with funds in his regular account. He explains that he is serving a lengthy sentence and monthly deductions from his regular account will make it more difficult for him to afford hygiene items and phone calls to his family.

The Prison Litigation Reform Act applies to this case because Rogers was incarcerated when he filed his complaint. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a regular account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts do not focus on that account as the source of funds to satisfy the filing fee payment requirements. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001).

Although federal courts will sometimes allow a plaintiff to pay the initial partial filing fee with funds in his release account, federal courts are less willing to allow a plaintiff to pay the full filing fee from that account. Allowing this practice would significantly deplete the value of the prisoner's release account, thereby undermining the very purpose of the account. Given the length of Rogers' sentence and the age he will be when he is released, it is especially important that he not deplete his release account because the transition back into the community is likely to be very challenging. Accordingly, the Court will not allow Rogers to use funds in his release account to pay the remainder of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Rogers asserts that, while he was confined at the Waupun Correctional Institution from November 2014 through September 2025, he took medication to treat his chronic acid reflux/GERD. In May 2022, Rogers was sent to the hospital with acute stomach pains and was diagnosed with an ulcer, which he asserts was caused by the chronic acid reflux/GERD. Rogers explains that he was prescribed medication and given a special medical diet to help the ulcer heal and to mitigate the pain from the chronic acid reflux/GERD.

Rogers states that, about seven months later, on January 4, 2023, he was told his medication for chronic acid reflux/GERD could not be refilled. Rogers asserts that, over the course of about three weeks, he wrote to the health services manager many times asking that his medication be refilled. On January 24, 2023, Advance Practice Nurse Prescriber Charles Dombeck allegedly responded to Rogers' health services requests by discontinuing Rogers' special medical diet. Rogers asserts that Dombeck did so "in retaliation for [Rogers] informing him that [he] was having stomach pains and wanted his medication." Rogers states that his special medical diet and medication were discontinued for more than forty days.

Rogers asserts that he submitted various grievances, one of which was about the cancellation of his medication. Rogers explains that, even though the administrative code imposes no filing limit on the number of grievances that can be filed about an inmate's health and safety, institution complaint examiner Tonia Moon refused to process his grievance in retaliation for him filing prior grievances and because she was deliberately indifferent to his serious medical needs.

3

He also asserts that institution complaint examiner Lana Wilson "retaliated against [him] by falsifying [an] official document, in an attempt to hide her co-workers malfeasance after [he] filed [a] grievance." Rogers also alleges that "Moon falsified an official document in an attempt to hide the [dis]orderly operations at Waupun Correctional Institution in retaliation for plaintiff filing grievance[s]." According to Rogers, reviewing authority Hannah Utter admitted the document was falsified.

## THE COURT'S ANALYSIS

Rogers first asserts that Dombeck violated his constitutional rights when he discontinued Rogers' special medical diet and refused to reinstate his acid reflux/GERD medication. "[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

With the foregoing legal principles in mind, the Court will allow Rogers to proceed on a deliberate indifference claim against Dombeck based on his allegations that, despite knowing Rogers suffered from chronic acid reflux/GERD and was experiencing stomach pain, Dombeck refused to reinstate Rogers' long-standing prescription and cancelled his special medical diet, both of which had been prescribed to address Rogers' chronic symptoms.

Rogers does not, however, state a retaliation claim against Dombeck. To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Rogers concludes without elaboration that Dombeck retaliated against him because Rogers requested medical treatment in a health services request. But Dombeck is a medical provider whose job is to evaluate and respond to health service requests. The Court cannot reasonably infer from the mere fact that Rogers disagreed with

4

Dombeck's decision that Dombeck retaliated against Rogers when he did his job by responding to Rogers' request. As explained above, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. In other words, labeling a person's performance of their job duties as retaliatory without factual content to support that label is insufficient to state a claim.

Rogers next asserts that Moon demonstrated deliberate indifference to his serious medical condition when she refused to process his grievance about the cancelled medication despite there being no filing limit on grievances about an inmate's health and safety. As the Seventh Circuit has acknowledged, a complaint examiner who intervenes "to prevent the medical unit from delivering needed medical care might be thought liable." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Accordingly, Rogers states a deliberate indifference claim against Moon based on allegations that she improperly rejected his inmate complaint, thereby denying him the opportunity to challenge the allegedly improper discontinuation of his medication and special medical diet.

However, Rogers does not state a retaliation claim against Moon for the same reasons he does not state a retaliation claim against Dombeck. According to Rogers, Moon, whose job is to evaluate and recommend decisions on grievances, retaliated against him when she rejected his grievance because he had filed other grievances on other topics. But just as it is Dombeck's job to respond to health services requests, it is Moon's job to address grievances. The Court cannot reasonably infer that she retaliated against Rogers simply because she did not perform her job in the way Rogers desired. In short, Rogers labeling her actions retaliatory without factual content to support that label is insufficient to state a claim.

Nor does Rogers state a claim based on his vague allegations that Wilson and Moon falsified documents. Rogers does not explain what documents were allegedly falsified, how they were falsified, or how he was harmed by the allegedly falsified documents. As noted above, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations

5

omitted). Rogers' "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim. *Ashcroft*, 556 U.S. at 678.

**IT IS THEREFORE ORDERED** that Rogers' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Rogers' motions to pay the remainder of the filing fee with funds in his release account (Dkt. Nos. 4, 9) are **DENIED**.

**IT IS FURTHER ORDERED** that Rogers fails to state a claim against Lana Wilson. The clerk's office is directed to terminate her from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Charles Dombeck and Tonia Moon.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dombeck and Moon shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Rogers is located.

**IT IS FURTHER ORDERED** that the agency having custody of Rogers shall collect from his institution trust account the $313.75 balance of the filing fee by collecting monthly payments from Rogers' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Rogers is transferred to another institution, the transferring institution shall forward a copy of this Order along with Rogers' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

6

Case 2:26-cv-00011-BHL    Filed 02/26/26    Page 6 of 7    Document 10

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Rogers is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 26th day of February, 2026.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge