UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRELL ROGERS,

                    Plaintiff,

          v.                                              Case No. 26-cv-0011-bhl

CHARLES DOMBECK et al.,

                    Defendants.

## SCREENING ORDER

Plaintiff Darrell Rogers, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. The Court screened the complaint on February 26, 2026, and allowed Rogers to proceed on deliberate indifference claims against Defendants Charles Dombeck and Tonia Moon in connection with the cancellation of medication and a special diet that had been prescribed to address his chronic acid reflux. More than two months later, on May 7, 2026, Rogers filed an amended complaint. On May 19, 2026, the Court struck the amended complaint because Rogers did not comply with Civil L. R. 15. Rather than moving to amend in compliance with the Local Rule, Rogers filed a motion for reconsideration, asserting that, under Fed. R. Civ. P. 15, he was permitted to file an amended complaint as a matter of course because he filed his amended complaint within twenty-one days of Defendants filing their answer. Rogers misunderstands how Federal Rule of Civil Procedure 15 applies in the context of prisoner litigation.

Federal Rule of Civil Procedure 15 applies generally to all civil lawsuits. Its general terms, while applicable to prisoner litigation, do not contemplate some of the particular requirements of such litigation, including the Court's unique obligation to screen a prisoner-plaintiff's complaint prior to a defendant's responsive pleading. As a result, the impact of a court screening a complaint on a plaintiff's opportunity to amend his complaint as a matter of course is not obvious from the text of the rule. Rule 15 states that a plaintiff may amend his pleading within 21 days after service

of a motion under Rule 12(b). This provision allows a plaintiff to correct the deficiencies that have been identified by a defendant in a Rule 12(b) motion. When screening a complaint pursuant to 28 U.S.C. §1915A, the Court applies the same standard that is applied when deciding a Rule 12(b)(6) motion, but prior to service on the defendant and without the need for the defendant to file a motion to dismiss. In other words, when screening a complaint, the Court anticipates and rules on the arguments that a defendant could have raised under Rule 12(b) had the defendant been served with the complaint. The Court's screening order therefore provides a prisoner-plaintiff with the same notice of deficiencies that a defendant's motion under Rule 12(b) would have provided.

In light of this, Rogers was permitted, consistent with Rule 15, to file an amended complaint as a matter of course within 21 days of the Court's screening order. *See, e.g., Dorgay v. Reiff*, No. 22-cv-847, 2023 WL 7204967 (E.D. Wis. Feb. 16, 2023). He did not. As noted, he waited more than two months. Accordingly, he did so after his time to amend as of right had expired. And, when the Court pointed out this failure in its May 19, 2026 Order, Rogers responded by challenging the Court's ruling with a motion for reconsideration rather than complying with moving to amend consistent with Civil L. R. 15, which requires him to, among other things, to identify the differences between his original and proposed amended complaints.

Rather than waste further time and resources on procedural compliance issues, the Court will treat his motion for reconsideration as a motion to amend. The Court will also excuse Rogers' failure to comply with the local rule and will instruct the Clerk to docket the proposed amended complaint as the operative complaint. Finally, it will fulfill its obligation under 28 U.S.C. §1915A to screen the amended complaint.

<h3 style="text-align:center">SCREENING OF THE AMENDED COMPLAINT</h3>

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It

2

must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE AMENDED COMPLAINT

Rogers asserts that, while he was confined at the Waupun Correctional Institution from November 2014 through September 2025, he took medication to treat his chronic acid reflux/GERD.  In May 2022, Rogers was sent to the hospital with acute stomach pains and was diagnosed with an ulcer, which he asserts was caused by the chronic acid reflux/GERD.  Rogers explains that he was prescribed medication and given a special medical diet to help the ulcer heal and to mitigate the pain from the chronic acid reflux/GERD.

Rogers states that, about seven months later, on January 4, 2023, he was told his medication for chronic acid reflux/GERD could not be refilled.  Rogers asserts that, over the course of about three weeks, he wrote to the health services manager many times asking that his medication be refilled.  On January 24, 2023, Advance Practice Nurse Prescriber Charles Dombeck allegedly responded to Rogers' health services requests by discontinuing Rogers' special medical diet. Rogers asserts that Dombeck did so "in retaliation for [Rogers] informing him that [he] was having stomach pains and wanted his medication."  Rogers states that his special medical diet and medication were discontinued for more than forty days.

Rogers asserts that he submitted various grievances, one of which was about the cancellation of his medication.  He alleges that institution complaint examiner Tonia Moon improperly rejected an inmate complaint as untimely.  Rogers asserts that the reviewing authority acknowledged that Moon included "false information" about the timeliness of his inmate complaint.  Rogers states that he filed another inmate complaint, and even though the administrative code imposes no filing limit on the number of grievances that can be filed about an inmate's health and safety, Moon refused to process his inmate complaint.  Rogers asserts that Moon was retaliating against him because he filed prior grievances and because she was deliberately indifferent to his serious medical needs.  He also asserts that institution complaint examiner Lana Wilson improperly rejected his inmate complaint about Moon and that Moon improperly rejected his inmate complaint about Wilson.

3

Rogers first asserts that Dombeck violated his constitutional rights when he discontinued Rogers' special medical diet and refused to reinstate his acid reflux/GERD medication. "[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id.* (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

With the foregoing legal principles in mind, the Court will allow Rogers to proceed on a deliberate indifference claim against Dombeck based on his allegations that, despite knowing Rogers suffered from chronic acid reflux/GERD and was experiencing stomach pain, Dombeck refused to reinstate Rogers' long-standing prescription and cancelled his special medical diet, both of which had been prescribed to address Rogers' chronic symptoms.

As the Court explained in the original screening order, Rogers does not state a retaliation claim against Dombeck. To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Rogers concludes that Dombeck retaliated against him because Rogers requested medical treatment in a health services request. But Dombeck is a medical provider whose job is to evaluate and respond to health service requests. The Court cannot reasonably infer from the mere fact that Rogers disagrees with Dombeck's decision that Dombeck "retaliated" against Rogers because he did his job and responded to Rogers' request. As explained above, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. In other words, characterizing a person's performance

4

of their job duties as retaliatory without factual content to support that characterization is insufficient to state a claim.

Rogers next asserts that Moon demonstrated deliberate indifference to his serious medical condition when she refused to process his inmate complaints even though they complied with the filing requirements. As the Seventh Circuit has acknowledged, a complaint examiner who intervenes "to prevent the medical unit from delivering needed medical care might be thought liable." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Accordingly, although a close call, the Court will allow Rogers to proceed on a deliberate indifference claim against Moon based on allegations that she improperly rejected his inmate complaint, thereby denying him the opportunity to challenge the allegedly improper discontinuation of his medication and special medical diet.

However, as explained in the original screening order, Rogers does not state a retaliation claim against Moon for the same reasons he does not state a retaliation claim against Dombeck. According to Rogers, Moon, whose job is to evaluate and recommend decisions on grievances, retaliated against him because he had filed other grievances on other topics. But just as it is Dombeck's job to respond to health services requests, it is Moon's job to address grievances. The Court cannot reasonably infer that she "retaliated" against Rogers simply because she did not perform her job in the way Rogers desired. Broadly construing the meaning of "retaliation" to include these circumstances would potentially transform every rejection by an institution complaint examiner into a First Amendment claim. In short, Rogers' characterization of Moon's action as retaliatory without factual content to support that characterization is insufficient to state a claim.

Finally, Rogers does not state a claim against Wilson and Moon based on allegations that they improperly rejected or recommended dismissal of his inmate complaints about how they were deciding his inmate complaints. "[P]risoners do not have a standalone constitutional right to an effective grievance procedure, [so] the alleged mishandling of his grievances [i]s not itself a constitutional violation." *Walker v. Rowald*, No. 23-1398, 2023 WL 6818157, at *1 (7th Cir. Oct. 17, 2023) (citing *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008)). If, in response to a motion for summary judgment on exhaustion grounds, Rogers shows that he was unable to exhaust the administrative remedies because Wilson and Moon made them "unavailable," then he will be relieved of his duty to exhaust. *See Ross v. Blake*, 578 U.S. 632, 644 (2016); *Walker v. Rowald*, No. 23-1398, 2023 WL 6818157 at *1 (7th Cir. Oct. 17, 2023). But, as explained, he does not

5

state a claim against Wilson or Moon simply because he disagrees with their decisions on his inmate complaints.

**IT IS THEREFORE ORDERED** that Rogers' motion for reconsideration, which the Court construes as a motion for leave to file an amended complaint (Dkt. No. 20), is **GRANTED**. The clerk's office is directed to docket the proposed amended complaint (Dkt. No. 20-1) as the operative complaint.

**IT IS FURTHER ORDERED** that Rogers fails to state a claim against Lana Wilson. The clerk's office is directed to terminate her from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, Charles Dombeck and Tonia Moon shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 6th day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6