UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRELL ROGERS,

Plaintiff,

v. Case No. 26-cv-0011-bhl

CHARLES DOMBECK et al.,

Defendants.

**DECISION AND ORDER**

Plaintiff Darrell Rogers, who is currently confined at the Racine Correctional Institution, is representing himself and proceeding on claims in connection with the cancellation of his long-standing prescription for medication and a special diet to treat his acid reflux/GERD. In its orders screening the complaint and the amended complaint, the Court concluded that Rogers did not state a retaliation claim against Advanced Practice Nurse Prescriber Charles Dombeck based on allegations that, after Rogers submitted health service requests asking that his medication be reinstated, Dombeck—in a decision consistent with his conclusion that Rogers no longer required medication to treat acid reflux—also cancelled the special diet that had been prescribed to treat the same condition. The Court also concluded that Rogers failed to state a retaliation claim against institution complaint examiner Tonia Moon based on allegations that she recommended denying one of his inmate complaints because he had previously filed other inmate complaints. Finally, the Court concluded that he did not state a claim against two institution complaint examiners based on their recommendations that inmate complaints about how his other inmate complaints were handled be dismissed. *See* Dkt. Nos. 7, 10. Because Rogers did not agree with the analysis in the Court's original screening order, he filed an amended complaint that realleged the same facts. The Court reached the same conclusions. Undeterred, Rogers filed a motion for reconsideration raising the same facts and arguments. The Court will deny the motion.

Rogers relies on Civil L. R. 59(e), but that rule does not apply because final judgment has not yet been entered. The appropriate rule is Fed. R. Civ. P. 60(b). Under that rule, a party may

obtain relief from an order for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Peacock v. Board of School Comm'rs*, 721 F.2d 210, 213 (7th Cir. 1983) (citations omitted). Rogers fails to satisfy any of the grounds articulated in Rule 60(b). He merely disagrees with the Court's analysis, which is an insufficient basis for the Court to reconsider its decision.

As the Court explained, characterizing an action that one disagrees with as "retaliatory" is a legal conclusion that must be supported by factual content. Rogers offers no factual content from which the Court can reasonably infer that Rogers' protected activity motivated Dombeck's decision to cancel the special diet (a decision that was consistent with Dombeck's decision to cancel his medication) or Moon's recommendation that his inmate complaint be dismissed. Dombeck's job is to make medical decisions, and Moon's job is to make recommendations on inmate complaints. Rogers disagrees with how they performed their job duties, but his disagreement alone (which is all he alleges) is insufficient for the Court to reasonably infer (rather than speculate) that they performed their duties with an improper motive.[1]

Additionally, Rogers provides no reason for the Court to reconsider its conclusion that he failed to state a claim against two institution complaint examiners based on allegations that they recommended that his inmate complaints about how other inmate complaints were decided be dismissed. "[P]risoners do not have a standalone constitutional right to an effective grievance procedure, [so] the alleged mishandling of his grievances [i]s not itself a constitutional violation." *Walker v. Rowald*, No. 23-1398, 2023 WL 6818157, at *1 (7th Cir. Oct. 17, 2023) (citing *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008)). Nor does the alleged mishandling of an inmate complaint state an access-to-the-court claim. After all, Rogers has a case pending in this Court, undermining his assertion that he was unable to access the Court. As the Court already explained, if Defendants argue that Rogers failed to exhaust the available administrative remedies, Rogers may show that the institution complaint examiners made the administrative remedies "unavailable," which, if established, would relieve him of his duty to exhaust. *See Ross v. Blake*,

[1] Rogers persistently accuses Moon of "falsifying" a document, but, while not clear, it appears that all she did was incorrectly identify the date of the incident at issue and recommend rejection of the inmate complaint because the inmate complaint was untimely. Moon's incorrect identification of the incident date is at most negligence, not fraudulent, as Rogers charges. In any event, Rogers suffered no harm from this mistake because according to Rogers, the correct date was later identified by the reviewing authority. That is precisely how the grievance process is designed to work.

578 U.S. 632, 644 (2016); *Walker v. Rowald*, No. 23-1398, 2023 WL 6818157 at *1 (7th Cir. Oct. 17, 2023).

The Court reminds Rogers that, generally, an appeal is not proper until the Court has entered final judgment "adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Alonzi v. Budget Construction Co*., 55 F.3d 331, 333 (7th Cir. 1995). Final judgment has not been entered. Rogers is advised that he will be required to pay the $605 filing fee for any appeal he files, even if the appeal is dismissed for lack of jurisdiction because it is prematurely filed before the entry of final judgment.

**IT IS THEREFORE ORDERED** that Rogers' motion for reconsideration (Dkt. No. 26) is **DENIED**.

Dated at Milwaukee, Wisconsin this 4th day of August, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge